(Judge Walters of the Fourth Circuit sitting in place of Judge Wilson.)

### JOHN M. WALCUTT v. COLUMBUS (CITY).

1. RESOLUTION OF COUNCIL CREATING RIGHT NOT EFFECTIVE UNTIL APPROVED BY MAYOR UNDER ORIGINAL SEC. 1545-91 (REPEALED 96 O. L. 96; SEE LAN. R. L 3107; B. 1536-626).

    A resolution of a municipal council involving expenditure of money, or creating a right, cannot take effect, under original Sec. 1545-91 Rev. Stat. (repealed 96 O. L 96; see Lan. R. L. 3107; B. 1536-626), until it is presented, duly certified by the clerk, to the mayor for approval.

2. DIRECTOR OF LAW NOT BOUND BY RESOLUTION NOT APPROVED UNDER ORIGINAL SEC. 1545-91 (REPEALED 96 O. L. 96; SEE LAN. R. L. 3107; B. 1536-626).

    The director of law of a municipality is not bound by any direction to him contained in a resolution adopted by council, but which was not approved by the mayor as required by original Sec. 1545-91 (repealed 96 O. L. 96; see Lan. R. L. 3107; B. 1536-626), and where a motion for a judgment against the municipality is based upon such defective resolution, a duty devolves upon the director of law to notify the court of the invalidity of such acts upon which the request for judgment is predicated.

3. SUBSEQUENT LEGISLATION APPLIES TO PRIOR CONTRACTS, WHEN.

    Where the contract out of which a claim against the municipality arose was entered into prior to the passage of the act requiring the mayor's approval, and a dispute arises as to the amount due, the defendant asserting that nothing is due, and where as part consideration for the agreement of compromise, it was inserted therein "that as the case has already cost the city several thousand dollars in costs and attorneys' fees, and if not settled is likely to cost many thousands of dollars more," the plaintiff has no such vested right under his contract as forbids the application of the act, subsequently passed, requiring the mayor's approval.

ERROR to Franklin common pleas court.

E. P. Evans, G. H. Stewart, F. A. Davis and Cyrus Huling, for plaintiff in error.

J. M. Butler, for defendant in error.

WALTERS, J.

The resolutions passed by the city council April 13, 1903, and April 27, 1903, were of such character that they fall within the provisions of original Sec. 1545-91 (repealed 96 O. L. 96; see Lan. R. L. 3107; B. 1536-626), where it is provided that a resolution "involving an expenditure of money" or "creating a right" "shall, before it takes effect be presented, duly certified by the clerk, to the mayor of the city, for approval."

These resolutions were not approved by the mayor, and therefore never took effect.

Walcutt v. Columbus.

The director of law was not bound by any direction to him contained in those resolutions, nor was the court below. It became and was the duty of the director of law, when the motion for judgment together with the resolutions, were presented to the court, to notify it of the invalidity of such acts upon which the request for judgment was predicated.

Where the contract, out of which the claim arose, was entered into prior to the passage of the act requiring the mayor's approval, and a dispute arises as to the amount due, the defendant asserting that nothing is due, and where as part consideration for the agreement of compromise, it was inserted therein, "That as the case had already cost the city of Columbus several thousand dollars in costs and attorneys' fees, and if not settled is likely to cost many thousands of dollars more," the plaintiff has no such vested right under his contract, which forbids the application of the act, subsequently passed requiring the mayor's approval.

Judgment affirmed.

**Dustin** and **Sullivan, JJ.,** concur.